IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| GERMAN PAVON ZUNIGA<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>      Plaintiff,<br><br>v.<br><br>CHAMPION LANDSCAPING SERVICES, INC.<br>d/b/a CHAMPION LANDSCAPING SERVICES<br>201 Water Street<br>Gaithersburg, MD 20877<br>(Montgomery County)<br><br>MAURICIO MERINO<br>25110 Old Hundred Road<br>Dickerson, MD 20842<br>(Montgomery County)<br><br>      Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked for Defendants as a landscaper, Defendants failed to pay Plaintiff overtime wages for his overtime hours.

2. Plaintiff brings this action against Champion Landscaping Services, Inc. and Mauricio Merino ("Defendants") to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5.     Plaintiff German Pavon Zuniga is an adult resident of Montgomery County, Maryland.

6.     Defendant Champion Landscaping Services, Inc. is a Maryland corporation. It does business as Champion Landscaping Services. Its principal place of business is located at 201 Water Street, Gaithersburg, MD 20877. Its resident agent for service of process is Mauricio Merino, 201 Water Street, Gaithersburg, MD 20877.

7.     Defendant Mauricio Merino is an adult resident of Maryland. He resides at 25110 Old Hundred Road, Dickerson, MD 20842. He is an owner and officer of Defendant Champion Landscaping Services, Inc. He exercises control over the operations of Champion Landscaping Services, Inc. — including its pay practices.

**Factual Allegations**

8.     Plaintiff worked at Champion Landscaping Services from approximately March 1, 2021 through approximately June 5, 2022 — with a leave of absence from approximately December 11, 2021 through February 28, 2022.

9.     Plaintiff primarily worked in Maryland, and occasionally in the District of Columbia.

10.    Plaintiff worked at Champion Landscaping Services as a landscaper.

11.    Plaintiff's job duties at Champion Landscaping Services primarily consisted of mowing, trimming, and fertilizing lawns, raking leaves, cutting and trimming trees, and laying mulch.

12. Plaintiff typically and customarily worked five or six days per week.

13. Plaintiff typically and customarily worked Monday through Friday — and occasionally , on Saturday and/or Sunday.

14. Plaintiff typically and customarily worked from 7:00 a.m. to 8:00 p.m. Occasionally, Plaintiff would not stop working until 9:00 p.m.

15. Plaintiff typically and customarily worked an average of approximately sixty hours per week.

16. For example, during the workweek of September 27, 2021 through October 3, 2021, Plaintiff worked 68.86 hours. *See* Exhibit A.

17. At all relevant times, Defendants paid Plaintiff by the hour.

18. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Mar. 01, 2021–Aug. 31, 2021 | $15.00 |
| Sep. 01, 2021–Jun. 05, 2022 | $16.00 |

19. At all relevant times, Defendants paid Plaintiff by check, with no accompanying paystub.

20. At all relevant times, Plaintiff typically and customarily clocked in and out of work.

21. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

22. At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

23. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24. Defendants owe Plaintiff approximately $8,540.00 in overtime wages (excluding liquidated damages).

25. Defendant Mauricio Merino is the founder and owner of Champion Landscaping Services, Inc.

26. Defendant Mauricio Merino hires and fires employees on behalf of Champion Landscaping Services.

27. Defendant Mauricio Merino hired Plaintiff.

28. Defendant Mauricio Merino set and controlled Plaintiff's work schedule.

29. Defendant Mauricio Merino supervised Plaintiff's work.

30. Defendant Mauricio Merino set Plaintiff's rate and manner of pay.

31. Defendant Mauricio Merino was personally aware that Plaintiff worked more than 40 hours in a week.

32. Defendant Mauricio Merino was personally aware that Plaintiff was not paid overtime for his overtime hours.

33. Defendant Mauricio Merino had the authority to sign checks on behalf of Champion Landscaping Services.

34. Defendant Mauricio Merino has signed checks on behalf of Champion Landscaping Services.

35. Defendant Mauricio Merino personally signed Plaintiff's paychecks.

36. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

37. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

38. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

39. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

40. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

41. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

42. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

43. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

44. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

46. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

47. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

48. Defendants' violations of the FLSA were willful.

49. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Each Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

52. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

53. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

54. Defendants' violations of the MWHL were willful.

55. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE MWPCL

56. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

57. Each Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

58. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

59. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

60. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

61. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including overtime wages.

62. Defendants' violations MWPCL were willful.

63. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$29,172.00**, and grant the following relief:

    a. Award Plaintiff $25,620.00, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii. three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c. Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,150.00);

    d.       Award Plaintiff court costs (currently, $402.00); and

    e.       Award any additional relief the Court deems just.

June 28, 2022                                    Respectfully submitted,

**DCWageLaw**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*